JIN ZHENG, a/k/a Yong Chan, a/k/a Jing Xin Jiang, Petitioner,

v.

Eric H. HOLDER Jr., U.S. Attorney General,[1] Respondent.

No. 08–2745–ag.

United States Court of Appeals, Second Circuit.

July 16, 2009.

Tina Yu Howe, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Civil Division, Anh–Thu P. Mai–Windle, Senior Litigation Counsel, Julie M. Iversen, Attorney, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, B.D. PARKER, and RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Jin Zheng, a native and citizen of the People's Republic of China, seeks review of a May 29, 2008 order of the BIA denying his motion to reopen his removal proceedings. *In re Jin Zheng*, No. A075 915 943 (B.I.A. May 29, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam); *Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir.2006).

We find no abuse of discretion in the BIA's denial of Zheng's motion to reopen. The Immigration and Nationality Act ("INA") and its implementing regulations provide that an individual must file a mo-

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

tion to reopen within ninety days of the issuance of a final administrative order of removal. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). This limitation, however, does not apply when the motion to reopen is filed in order to apply for asylum or withholding of removal based on changed circumstances arising in the individual's country of nationality. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii). Here, it is undisputed that Zheng's motion to reopen was untimely.

The BIA did not abuse its discretion in concluding that Zheng failed to establish changed circumstances in China sufficient to merit the reopening of his proceedings. In finding that Zheng "has submitted no evidence of a change in the Chinese government's crackdown on Falun Gong," the BIA legitimately questioned the authenticity of a Notification he submitted, as it was supported only by his affidavit and a letter signed by his "family members." *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 342 (2d Cir.2006) (finding that the weight accorded to evidence in immigration proceedings lies largely in the agency's discretion). Here, the BIA explicitly considered Zheng's evidence and properly concluded that Zheng failed to demonstrate its authenticity. *See id.*

Zheng argues that the BIA's reliance on *Qin Wen Zheng v. Gonzales,* 500 F.3d 143, 148–49 (2d Cir.2007), was misplaced, and that under *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 404–05 (2d Cir.2005), the BIA improperly rejected his evidence for failure to authenticate.[2] In *Cao He Lin,* we held that an IJ may not reject an asylum-seeker's document solely because it was not authenticated pursuant to 8 C.F.R. § 287.6 (subsequently recodified at § 1287.6). 428 F.3d at 404–05.

Here, however, the BIA had legitimate concerns regarding the authenticity of the notice Zheng submitted with his motion to reopen. *Cf. Qin Wen Zheng v. Gonzales,* 500 F.3d 143, 148–49 (2d Cir.2007) (finding that the BIA's refusal to credit an unauthenticated document was not error where the rejection of the document was based substantially on legitimate credibility concerns and contrary evidence, as opposed to being based solely on lack of authentication). Zheng provided no information as to how the document was obtained; who issued it; to whom it was issued; or how it came to the United States; how he received it. Thus, contrary to Zheng's argument, this case falls outside the ambit of *Cao He Lin.* Here, the BIA did not reject the notice because it was unauthenticated pursuant to the regulation; rather, the BIA declined to credit it because it had no *indicia* of authenticity at all. As the BIA found, Zheng's own unsupported affidavit was insufficient to corroborate the notice, where he had no personal knowledge of the actions of police. *See Xiao Ji Chen,* 471 F.3d at 342. The letter signed by his "family members" was similarly insufficient, where the author's identity was not provided, and it failed to provide any information regarding the notification's provenance. *See id.* Because the BIA did not rely solely on Zheng's failure to authenticate pursuant to 8 C.F.R. § 1287.6 to reject his proffered documents, we cannot find that it abused its discretion in denying his motion to reopen. *See id.; cf. Qin Wen Zheng,* 500 F.3d at 148–49.

As to Zheng's argument that the BIA misconstrued his motion when it found that he failed to demonstrate changed circumstances in China, because his motion was based on his changed personal circum-

---

**2.** Zheng assumes in his brief that the Immigration Judge ("IJ") rendered an adverse credibility determination. However, the IJ made no such finding.

stances in the United States, it is squarely foreclosed by our decision in *Yuen Jin v. Mukasey*, where we held that an individual subject to a final order of removal who seeks to file a successive asylum application must do so accompanied by a motion to reopen and subject to the limitations for such motions. 538 F.3d 143, 156 (2d Cir. 2008).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).